IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| LATONJA DESHAWN MARTIN | : | Case No. 16-26668-LSS |
| | : | (Chapter 7) |
| Debtor | : | |

**OPPOSITION TO MOTION TO DIRECT CHAPTER 7
TRUSTEE TO TURNOVER POST-PETITION CHAPTER 13
<u>EARNINGS RECEIVED TO THE DEBTOR</u>**

Gary A. Rosen, the Chapter 7 Trustee of the above-captioned Estate, by undersigned counsel, hereby submits this Opposition to Motion to Direct Chapter 7 Trustee to Turnover Post-Petition Chapter 13 Earnings Received to the Debtor, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on December 22, 2016.

2. While in the bankruptcy case, the Debtor maintained the benefit of the automatic stay for over eighteen months, while continually causing unreasonable delay that was prejudicial to creditors. During those eighteen months, the Debtor failed to accurately complete her schedules, failed to provide sufficient explanation of cash withdrawals to the Chapter 13 Trustee, and failed to comply with Court Orders.

3. The Debtor paid $16,235.80 to the Chapter 13 Trustee during the pendency of her chapter 13 case. At the time of the Order Converting, the Chapter 13 Trustee was holding $15,095.62 in undisbursed funds.

4. The case was converted to a case under Chapter 7 on September 17, 2018.

5. Pursuant to this Court's Order dated December 21, 2018 (Docket No. 202) the

Chapter 13 funds were turned over to the undersigned Chapter 7 Trustee, who is now holding those funds.

6. On or about October 22, 2019, the Debtor filed the Motion to Direct Chapter 7 Trustee to Turnover Post-Petition Chapter 13 Earnings Received to the Debtor.

7. In that Motion the Debtor states that *Harris v. Viegelah*, 135 S.Ct. 1829 (2015) stated that the post-petition wages held by a chapter 13 trustee at the time the case is converted to a chapter 7 must be returned to the Debtor.

8. The Debtor fails, however, to note that there is an exception. The Court noted that the Bankruptcy Code makes an exception that if the bankruptcy court converts the case due to bad faith, the property of the estate in a converted case shall consist of the property of the estate as of the date of conversion. See 11 U.S.C. 348(f)(2).

9. Given the extensive litigation in the Chapter 13 case, and the acts of the Debtor, the undersigned Trustee believes that those funds held by the undersigned Trustee are assets of the Bankruptcy Estate.

10. In the alternative, if this Court finds that the Debtor did not act in bad faith, and that such funds are not property of the estate, the Debtor should be surcharged.

11. On or about September 17, 2019, this Court entered an Order Granting Emergency Renewed Motion Requesting a Writ of Assistance for the U.S. Marshall to Assist in Removing the Debtor and Occupants of 11005 Tulip Hill Lane, Upper Marlboro, MD 20772. In that Order, in the final decretal paragraph, the Court states "ORDERED, that the Debtor shall pay the normal fees of the U.S. Marshal and the costs and expenses of the Trustee to enforce this Order (including, without limitation, the cost of removing the Debtor, the occupants and personal

property from the Property)."

12. While the Debtor physically removed herself and the occupants, the Debtor left an enormous amount of property and trash that had to be cleaned up by the agent of the Trustee. The Trustee's agent incurred $4,083.00 in charges to remove the property left behind in the house, which included the rental of two 30-yard dumpsters, a locksmith to change the locks on five doors, 12 day workers to clean and remove the trash, and a plumber to fix a leak in the main bathroom. A copy of the invoice is attached hereto as Exhibit 1.

13. The undersigned Trustee is attaching hereto as Exhibit 2 a small sampling of pictures representing the condition of the house left by the Debtor.

WHEREFORE, the Trustee requests that the Court deny the Debtor's Motion to Direct Chapter 7 Trustee to Turnover Post-Petition Chapter 13 Earnings Received to the Debtor, or in the alternative, surcharge the Debtor $4,083.00 to remain in the bankruptcy estate to reimburse the Trustee's real estate agent, and grant such other and further relief as is just and proper.

                GARY A. ROSEN, CHARTERED


        By  /s/   Gary A. Rosen
            Gary A. Rosen, Esquire
            One Church Street
            Suite 800
            Rockville, MD 20850
            301-251-0202
            trusteerosen@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of October, 2019, a copy of the foregoing was served electronically via CM/ECF to those recipients authorized to receive a Notice of Electronic Filing by the Court per the attached Electronic Mail Notice List; and was mailed first class mail postage pre-paid to the U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770 and to LaTonja D. Martin, 6368 Coventry Way, No. 311, Clinton, MD 20735.

/s/    Gary A. Rosen
Gary A. Rosen